UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEEATRICE WILLIAMS,

                    Petitioner,                Case Number 09-12064
                                                   Honorable Thomas L. Ludington

v.

SAGINAW CORRECTIONAL
FACILITY,

                    Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

On May 28, 2009, Petitioner Leeatrice Williams, a state inmate incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. Because the petitioner has not exhausted his state court remedies, the Court will dismiss the petition without prejudice.

I

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of armed robbery and first-degree home invasion. On June 5, 2007, he was sentenced to fifteen to forty years' imprisonment for the armed robbery conviction and five to twenty years' imprisonment for the home invasion conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, in which he argued that the trial court denied him a fair trial by admitting certain hearsay evidence, and by allowing testimony from the preliminary examination to substitute for live testimony from the missing complainant, and that the prosecutor failed to produce sufficient evidence of his guilt. The Michigan Court of Appeals affirmed his convictions. *People v. Williams*, No. 278797, 2008 WL 2812139

(Mich. Ct. App. July 22, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims raised in the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  *People v. Williams*, 757 N.W.2d 491 (Mich. 2008) (table).

Petitioner then filed the pending petition for a writ of habeas corpus, advancing the following claims: (i) "allowing hearsay evidence – excited utterance;" (ii) "allowing testimony from preliminary examination to be used instead of live witness – who was missing;" (iii) "not sufficient evidence for conviction;" and (iv) "failure of prosecution to present a res gestae witness – ineffective appeal counsel or trial counsel."  Dkt. # 1 at 4, 6, 7, 9.

II

A district court promptly examines a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254.  If a petitioner is not entitled to relief, the court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994)  ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A prisoner in state custody challenging his confinement by way of a habeas corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations."  *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987).  A petitioner bears the burden of showing that state court remedies have been exhausted.  *Id.* at 1420, n.3.  The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to

render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Petitioner states that he has not exhausted the fourth claim raised in his habeas petition. The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

Petitioner's conviction became final on February 23, 2009, when the time for filing a petition for certiorari in the Supreme Court expired. This Court is dismissing the petition without delay so that Petitioner can return to the state courts to exhaust his unexhausted claim. The AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by Petitioner. *See* 28 U.S.C. § 2244(d)(2). Because Petitioner has over eight months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner will not be prejudiced if his habeas petition is dismissed without prejudice during the pendency of his motion for post-conviction relief.

Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for

Petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 846 (E.D. Mich. July 23, 2001).

Accordingly, the Court will dismiss the instant petition without prejudice.

<div align="center">III</div>

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 1]  is

**DISMISSED WITHOUT PREJUDICE**.

<div style="margin-left: 40%;">
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge
</div>

Dated: July 1, 2009

<div align="center" style="border: 1px solid black; background: #cccccc; width: 40%;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS
</div>

<div align="center">4</div>